IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DEBELLIS,

    Plaintiff,

                         18cv0214

    v.                   ELECTRONICALLY FILED

FARMERS INSURANCE *and* MID-
CENTURY INSURANCE COMPANY,

    Defendants.

**MEMORANDUM ORDER OF COURT**

Presently before the Court in this breach of contract and bad faith case is Defendants' Motion to Dismiss and Brief in Support of same. Doc. nos. 3, 7. Plaintiff filed a Response in Opposition to Defendants' Motion to Dismiss. Doc. no. 14. Defendant filed a Reply. Doc. no. 15. The Motion is now ripe for disposition and will be granted in part and denied in part.

    **I.**    **Standard of Review - Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit

explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

## II. Discussion

First, Defendants and Plaintiff agree that Defendant Farmers Insurance is not a proper Defendant in this matter and that it should be dismissed from this lawsuit as a matter of law. Accordingly, the portion of Defendants' Motion seeking the dismissal of Farmers Insurance will be granted, and this Court will dismiss Defendant Farmers Insurance from the instant lawsuit.

Next, Defendants argue that Plaintiff cannot assert a bad faith claim for first party medical benefits. According to Defendant, Pennsylvania law does not recognize a bad faith claim for failure to pay first-party medical benefits. See doc. no. 7, p. 3-4, *citing* 42 Pa.C.S.A. §§ 1797, 8317 and *Barnum v. State Farm Mut. Auto. Ins. Co.* 635 A.2d 155 (Pa. 1993), *rev'd on other grounds* 652 A.2d 1319 (Pa. 1994). Plaintiff counters by asserting that his claim is not just based on the failure to pay first-party medical benefits; rather, he asserts that his claim raises questions about the Defendants' failure to Plaintiff's pay wage loss and UIM benefits as well.

This Court finds that at this juncture of the pleadings the Complaint has adequately pled a cause of action for bad faith with respect to UIM benefits and failure to pay his wage loss. See doc. no. 1-2, ¶ 17-22. As for the legal argument that Plaintiff is not entitled to raise a bad faith claim for Defendants' alleged failure to pay first party medical benefits, this Court will defer ruling on that matter until discovery is completed. The Court finds that discovery of any evidence of the medical treatment sought by Plaintiff and medical expenses incurred may be necessary to further prove Plaintiff's inability work and thus, his wage loss and UIM claims. Notably, Defendants argue that Plaintiff filed his UIM bad faith claim within two months of submitting the UIM claim, and without supplying any of his medical records. Thus, the Court finds that medical discovery could benefit both parties. In addition, the remaining Defendant

may opt to re-raise its bad faith/failure to pay first party medical benefits issue in a Motion for Partial Summary Judgment, once discovery is complete.

**ORDER OF COURT**

AND NOW, this 15th day of March, the Court GRANTS IN PART Defendants' Motion to Dismiss as to Defendant Farmers Insurance, but DENIES Defendants' Motion in all other respects.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF counsel of record