IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DEBELLIS,

        Plaintiff,                18cv0214
           v.                  ELECTRONICALLY FILED

MID-CENTURY INSURANCE COMPANY,
FARMERS INSURANCE EXCHANGE,
TRUCK INSURANCE EXCHANGE, and
FIRE INSURANCE EXCHANGE,

        Defendants.

**MEMORANDUM ORDER**

Before the Court is a Motion to Dismiss and Brief in Support filed by Farmers Insurance Exchange, Truck Insurance Exchange, and Fire Insurance Exchange (collectively, the "Exchange Defendants"), who were recently joined in the instant matter as Defendants. Doc. nos. 36, 37. Plaintiff has filed a Brief in Opposition (doc. no. 39), and Defendants filed a Reply. Doc. nos. 40, 41. The matter is now ripe for adjudication.

At the outset, the Court notes that the Exchange Defendants have generally raised the same substantive arguments in this Motion to Dismiss and Brief in Support that they raised in their Brief in Opposition to Plaintiff's Motion for Joinder (see doc. nos. 25-26 and 28).

By way of background, Plaintiff originally sued Defendant, Mid-Century Insurance Company, and former Defendant, Farmers Insurance, in the Court of Common Pleas of Allegheny County, Pennsylvania, asserting a claim for breach of [insurance] contract and for bad faith. Defendant Mid-Century, after removing the case to this Court, moved to dismiss Farmers Insurance claiming that Farmers did not issue the policy and was not a legal entity capable of being sued. Plaintiff, in his Brief in Opposition to the Motion to Dismiss, agreed

based on Defendant's disclosure statement, that "Farmers Insurance" was not an appropriate party. As a result, the Court granted the portion of Defendants' Motion to Dismiss that suggested Farmers Insurance be excused from the lawsuit.[1] See doc. no. 16.

Subsequently, Plaintiff filed a Motion to add the Exchange Defendants having determined from Defendant's disclosure statement that although "Farmers Insurance" was not an appropriate party, Defendant, Mid-Century Insurance Company, was 100% owned in different shares by "the three Exchange Defendants. See doc. no. 26. Plaintiff attached a copy of the insurance policy at issue and, notably, the name "Farmers Insurance" appears on every page of the policy while Defendant Mid-Century is identified as an underwriter. See doc. nos. 26-1 and 26-2. Moreover, Plaintiff further claimed that all claims handling correspondence appeared on "Farmers Insurance" letterhead but was signed by "Mid-Century Insurance" representatives. Doc. no. 26.

This case contains two claims – a breach of contract case and a bad faith claim. Neither of these two claims were ever dismissed. Because the bad faith claim is still a viable claim in this lawsuit, the Court notes that Pennsylvania law states:

> There is no simple rule for determining who is the insurer for purposes of the bad faith statute. The question is necessarily one of fact, to be determined both by examining the policy documents themselves, and by considering the actions of the company involved.

*Brown v. Progressive Ins. Co.*, 860 A.2d 493, 498 (Pa. Super. 2004).

Based upon the substantive, relevant Pennsylvania case law which this Court is bound to apply, this Court will need to make a factual determination as to who the insurer is for bad faith

---

[1] Defendants' Motion to Dismiss also moved to dismiss the bad faith claim which this Court denied. Doc. no 16.

purposes.[2] Because of this, the Parties will need to conduct some discovery on this issue. Should the discovery yield irrefutable factual data concerning who the insurer is for bad faith purposes, the Parties can file a stipulation as to the identity of that entity. To the extent that the Parties cannot stipulate as to who the insurer is for bad faith purposes, the Court will entertain Motions for Summary Judgment on this matter and will enter Judgment on this issue – assuming there are no relevant, material facts in dispute on the matter. If the Parties move for summary judgment, and if Court finds that there are relevant, material facts in dispute, the bench trial will necessarily need to include testimony related to the "true insurer" issue.

Accordingly, at this juncture of the legal proceedings, the Motion to Dismiss the Exchange Defendants (doc. no. 36) is DENIED.

**SO ORDERED, this 18th day of May, 2018.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All ECF Registered Counsel of Record

---

[2] This case is listed for bench trial beginning on November 28, 2108.