IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DEBELLIS,

        Plaintiff,                          18cv0214
            v.                            ELECTRONICALLY FILED

MID-CENTURY INSURANCE COMPANY,

        Defendant.

**MEMORANDUM ORDER ON MOTIONS IN LIMINE**

This is a breach of contract and bad faith action brought by Plaintiff against his insurance carrier, Defendant. The bench trial in this matter is scheduled to begin on Wednesday, November 28, 2018. Both Parties filed Motions in Limine, all of which will be addressed herein.

**A.    PLAINTIFF'S MOTION**

    1.    **Plaintiff's Motion to Preclude Expert Report and Testimony of Ted G. Miller - ECF 98**

Plaintiff has requested that this Court preclude Ted G. Miller from testifying as an expert in this case. In support of this request, Plaintiff cites to *Scifino v. Geico General Insurance Co.,* no. 2:11-cv-1094, 2013 WL 240115 (W.D. Pa. May 31, 2013), wherein the Honorable Terry McVerry of the United States District Court for the Western District of Pennsylvania determined that given the facts of its own bad faith case, and the number of legal conclusions set forth in the Mr. Setcavage's expert report, it would preclude the expert testimony of Mr. Setcavage, a purported bad faith expert. In reaching its conclusion in *Scifino*, the Judge McVerry relied heavily upon *Smith v. Allstate Ins. Co.*, 912 F. Supp. 2d 242 (W.D. Pa. 2012).

In response to Plaintiff's Motion, Defendant notes that District Courts within the Western District of Pennsylvania have also allowed expert testimony in bad faith cases. *See Gallatin*

*Fuels Inc. v. Westchester Fire Ins. Co. Inc.,* 410 F. Supp. 2d 417 (W.D. Pa. 2006). Defendant further contends that Mr. Miller was "qualified as an expert in a bad faith" case by this Court, recently, in *Golon v. Selective Ins, Co. of Amer.,* no. 2: 17-cv-819.[1] Defendants further note that this Court, following a Motion to Strike Mr. Miller's expert filed by Plaintiff, denied the Motion to Strike the expert report of Mr. Miller. ECF 65.

Rule 702 of the Federal Rules of Evidence, indicates that "if scientific, technical, or other specialized knowledge beyond that possessed by a lay person will assist the trier of fact to understand the evidence or determine the fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education" may testify in the form of an opinion or otherwise. F.R.E. 702. The weight to be accorded to an expert's testimony is determined by the trier of fact. *Miller v. Brassrail Tavern, Inc.* 664A.2d 525, 528.

Although an insured is not required to prove an insurer's bad faith practices through expert testimony, such expert testimony is permissible if it is helpful to the trier of fact and is otherwise admissible. *See Bonenberger v. Nationwide Mut. Ins. Co.*, 791 A.2d 378, 382 (Pa. Super. 2002) ("[T]he decision whether to permit a witness to testify as an expert on bad faith is one that rests within the sound discretion of the trial court."). Among other things, expert testimony may be appropriate with respect to issues such as insurance claims adjusting procedure, an insurer's compliance with industry customs and standards, and whether the insurer lacked a reasonable basis for denying an insured's claim. *Gallatin Fuels,* 410 F.Supp. 2d at 421.

---

[1] The Court notes that although Defendant in the *Golon* case filed Mr. Miller's expert report on the docket, the case resolved amicably <u>before any Motions in Limine were filed</u>. Therefore, this Court did not have any occasion to rule on or even consider the necessity or appropriateness of Mr. Miller's expert report or testimony in that case. Thus, because there was no motion before the Court with respect to Mr, Miller's report in the *Golon* case, the Court never qualified Mr. Miller in the *Golon* matter as a bad fatith expert and Defendant's characterization is therefore, misleading.

However, this Court notes that even though some courts have permitted expert testimony in bad faith insurance actions, *see, e.g., Gallatin Fuels*, 410 F.Supp. 2d at 421; *Bonenberger*, 791 A.2d at 382, other courts have not. See, *Smith v. Allstate Ins. Co.,* 912 F. Supp. 2d 242, 251 (W.D. Pa. 2012), relying upon *Dattilo v. State Farm Insurance Co*., No. 97–1842, 1997 WL 644076, 1997 U.S. Dist. LEXIS 16188 (E.D.Pa. Oct. 17, 1997), which was subsequently adopted by the Superior Court of Pennsylvania in *Bergman v. United Services Automobile Ass'n*, 742 A.2d 1101 (Pa. Super. 1999). The District Court in *Smith* held:

> Like the present case, both *Dattilo* and *Bergman* involved claims by insureds alleging that their insurer acted in bad faith in processing an underinsured motorist ("UIM") claim. *Dattilo*, 1997 WL 644076, at *1, 1997 U.S. Dist. LEXIS 16188, at *1; *Bergman*, 742 A.2d at 1107. As summarized by the Superior Court of Pennsylvania in *Bergman*, in *Dattilo* the Trial Court doubted both the appropriateness and the effectiveness of allowing the insureds' expert to testify because, although the expert qualified as a person experienced in claims handling and adjusting on behalf of insurers, *Dattilo* was not a malpractice case in which the insurer's conduct would be judged by the standards of the insurance industry. The *Dattilo* court reasoned that the expert witness' opinion was nothing more than subjective speculation unsupported by any scientific or specialized knowledge and rejected it. The Dattilo court held, "bad faith is a legal concept of general application which does not require that scientific, technical or specialized knowledge be presented to assist the trier of fact." [*Dattilo*, 1997 WL 644076, at *5, 1997 U.S. Dist. LEXIS 16188, at *12.] *Bergman*, 742 A.2d at 1107 (some internal citations and quotation marks omitted).

*Smith* at 251.

It is clear to this Court that case law emanating from both Pennsylvania Superior Court as well as the United States Federal District Court for the Western District of Pennsylvania, does not require an expert in bad faith cases, but at times, has allowed such expert testimony primarily to explain "claims handling" procedures. Nevertheless, the use of this expert testimony appears to be controversial.

3

Given that this is a bench trial, the Parties will benefit from the Court's familiarity with bad faith law, and what must be proven by Plaintiff to establish same. The Court expects that the claims adjusters for Defendant will undoubtedly testify as how they processed Plaintiff's claims in this matter. The Court finds that Mr. Miller's expert testimony <u>may</u> assist the Court as the trier of fact in this case, assuming Defendant's claims handling procedures are complex. The Court will not allow Mr. Miller to testify or offer opinions that could be construed as legal conclusions. In addiiton, the Court reminds Defendant that their expert's testimony will be given the appropriate weight and cautions Defendant that if his testimony appears to be nothing more than "speculation unsupported by any scientific or specialized knowledge," it will be wholly disregarded by the Court.

For these reasons, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's Motion in Limine to preclude the expert report and testimony of Ted Miller (ECF 98).

**B.     DEFENDANT'S MOTIONS**

   **1.     Motion in Limine to Preclude Admissibility of Exhibits Related to Financial Loss - ECF 99**

Defendant seeks to preclude Plaintiff from offering evidence of his alleged ongoing wage loss. ECF 99. One of Plaintiff's main allegations in this case is that Defendant denied his ongoing wage loss claim. Defendant's Motion points to the timeline of events that transpired leading up to their receipt of Plaintiff's wage loss documentation. ECF 99.

Plaintiff counters by arguing that although his documents may not have been timely provided to Defendant, Defendant has not been prejudiced. ECF 117. Moreover, Defendant's witness, Corey Allerton, who is the claim representative assigned to handle Plaintiff's UIM claim, testified that he reviewed the documents in question. ECF 117-1.

The Court, as fact-finder, should have access to all documents submitted by Plaintiff to Mr. Allerton to better understand how determinations were reached by the claims adjusters during their processing and evaluation of Plaintiff's claims.

Therefore, the Court DENIES Defendant's Motion in Limine to preclude Plaintiff from offering evidence of his alleged ongoing wage loss (ECF 99).

### 2. Motion in Limine to Preclude Testimony of Lisa Debellis - ECF 100

Defendant's Motion seeks to prevent Plaintiff's ex-wife, Lisa DeBellis from testifying as to how the underlying accident affected Plaintiff – specifically, that Plaintiff was rendered unable to attend certain sporting events for their son and that Plaintiff was curtailed in his ability to coach his son's team. ECF 100. Defendant anticipates that Lisa Debellis will also testify about Plaintiff's headaches and her personal observations about his ability to function, and claims she should be precluded from doing so. Id. Finally, Defendant argues that Lisa Debellis was never identified as a witness during the course of this litigation and should be precluded from testifying for this reason as well. Id.

Plaintiff counters by arguing that the testimony of Lisa Debellis is relevant and more probative than prejudicial. ECF 118.[2] Plaintiff also contends that when he was deposed in March of 2018, Plaintiff identified Lisa Debellis as a person who witnessed his alleged physical condition and deterioration at his son's sporting events. Id.

The Court finds Plaintiff may present the testimony of Lisa Debellis as it is relevant and more probative than prejudicial. Accordingly, the Court DENIES Defendant's Motion to preclude Lisa Debellis from testifying (ECF 100).

---

[2] Plaintiff filed a Response to this Motion (ECF 100) to preclude Lisa Debellis' testimony at ECF 120 which was identical to the one he filed at ECF 118.

### 3. Motion in Limine to Preclude Plaintiff's Prescription Records and History - ECF 101

Defendant seeks to preclude Plaintiff from offering a list of his prescriptions – specifically Exhibit J-13. ECF 101. Defendant's primary argument is that some of the information on this list was not timely received by Defendant.

Plaintiff counters by arguing that although the totality of this information may not have been timely provided to Defendant, Defendant has not been prejudiced. ECF 110. Moreover, Plaintiff notes that the Defendant did timely possess medical records from at least two different doctors whose notes indicated the date and amounts of the prescriptions they prescribed. Id. Furthermore, Defendant's witness, Corey Allerton, Defendant's claim representative assigned to handle Plaintiff's UIM claim, testified that he reviewed the prescriptions in question and even conducted research on them as part of his evaluation of Plaintiff's claim. ECF 110-1.

The Court does not find that Defendant was prejudiced given the facts presented. Therefore, the Court DENIES Defendant's Motion in Limine to preclude Plaintiff from offering a list of prescriptions (ECF 101).

### 4. Motion in Limine to Preclude the Testimony of Plaintiff's Stepfather – ECF 104

Defendant seeks to preclude the testimony of Plaintiff's stepfather, David Bossick, who will testify about the money he loaned Plaintiff following the accident as well as the alleged changes he observed in Plaintiff's physical and mental well-being subsequent to the accident. ECF 104. Defendant claims that Mr. Bossick was never identified as a witness in this litigation, and that Plaintiff provided no documentation or evidence of any interaction between Plaintiff and Mr. Bossick since the accident. Id.

Plaintiff counters by noting that he identified his stepfather as a person who made him a $17,000.00 loan after the accident. ECF 116. Plaintiff also identified his stepfather as the person to whom he was speaking over the phone, when his vehicle was struck. Id.

Like Lisa Debellis, Mr. Bosick will be permitted to testified as to his own personal observations of Plaintiff's alleged disabilities. ECF 116. He may also testify to the facts that he loaned money to Plaintiff and his understanding of the terms of that loan. He is not permitted to testify as to Plaintiff's alleged wage losses, as he is not alleged to be a business partner or bookkeeper or accountant for Plaintiff.

Therefore, the Court GRANTS IN PART AND DENIES IN PART the Motion in Limine to Preclude the Testimony of Plaintiff's Stepfather (ECF 104).

**5.     Motion in Limine to Preclude Moyer Report - ECF 102**

**6.     Motion in Limine to Preclude Reference to "Farmers" - ECF 103**

**7.     Motion in Limine to Preclude Testimony by Margaret Giles - ECF 105**

On November 16, 2018, the Parties collaboratively filed a stipulation (ECF 124) indicating John Moyer, a counselor, is a fact witness – not an expert. The Parties agreed to allow Mr. Moyer's testimony only as to facts related to his discussions with Plaintiff. His "prognosis" will be redacted from Exhibit P-15. Id.

The Parties further stipulated that Defendant Mid-Century was and is the only insurance carrier responsible to pay any contractual damages assessed as well as any bad faith damages assessed. Id. As a result of this stipulation, Plaintiff may refer to "Farmers" or "Farmers Insurance" during the trial, but Plaintiff will not attempt to apportion any liability to that entity. Id.

Given these stipulations contained in ECF 124, the Parties agreed that Defendant's Motion in Limine re: Mr. Moyer (ECF 102), Defendant's Motion in Limine re: "Farmers" (ECF 103), and Defendant's Motion in Limine re: Margaret Giles, could be denied as moot.

Accordingly, based on the stipulations filed by the Parties in ECF 124, and at their request, this Court DENIES AS MOOT Defendant's Motion in Limine to Preclude Moyer Report (ECF 102), Defendant's Motion in Limine to Preclude Reference to "Farmers" (ECF 103), and Defendant's Motion in Limine to Preclude Testimony by Margaret Giles (ECF 105).

The Parties are further ORDERED to collect their trial exhibit binders prior to the start of trial on November 28, 2018, conform the exhibits contained therein based their stipulations and this Order, and return them to Court prior to the start of trial.

**SO ORDERED, this 25th day of November, 2018.**

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge


cc:     All ECF Registered Counsel of Record