IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN DEBELLIS,

        Plaintiff,                        18cv0214

             v.                           ELECTRONICALLY FILED

MID-CENTURY INSURANCE COMPANY,

        Defendant.

**MEMORANDUM ORDER ON MOTION TO COMPEL (ECF 109)**

Before the Court is Plaintiff's Motion to Compel Defendant to Produce an Unredacted Claims Log and to Add Trial Exhibits. ECF 109. Defendant has filed a Response to same (ECF 125) making the matter ripe for disposition.

The premise for Plaintiff's Motion arose out of the deposition of Corey Allerton, a claims adjuster for Defendant. Plaintiff contends that during his deposition Mr. Allerton's attorneys stated that "Counsel" was involved in the decision-making process as to how Plaintiff's claims were evaluated and valued. ECF 109. Defendant contends that during the deposition Mr. Allerton's attorneys objected to some of Plaintiff's questions and asserted the attorney-client privilege to prevent Mr. Allerton from testifying as to any privilege-protected matter. ECF 125.

Plaintiff now argues that because Defendant did not assert "advice of counsel" as an affirmative defense at any time during the pendency of this matter, it cannot invoke the attorney-client privilege during the deposition of its claims adjuster or redact his claims log. ECF 109, ¶10. Defendant disagrees, contending that because it did not assert advice of counsel as an affirmative defense they can invoke the attorney-client privilege. ECF 125 ¶4.

The case law which guides this Court's decision on this matter is very clear in this area: "[t]he advice of counsel is placed in issue where the client asserts a claim or defense, and

attempts to prove that claim or defense by disclosing or describing an attorney-client communication." *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 863 (3d Cir. 1994). By placing the advice in issue, the client opens to examination facts relating to that advice. *Id.* But advice is not in issue merely because it is relevant and does not necessarily become in issue merely because the attorney's advice might affect the client's state of mind in a relevant manner. *Id.*

Tring to the instant case, Defendant did not plead advice of counsel as an affirmative defense in this case. The Court's review of the exhibits attached to instant Motion and the Response to same likewise do not indicate a willingness on the part of the Defendant to assert "advice of counsel" as an affirmative defense in this matter. Moreover, Defendant, throughout its Response to the Motion to Compel, repeatedly argues that it did not and is not now asserting "advice of counsel" as a defense to the claims raised by Plaintiff in this litigation. As a result, Pennsylvania case law makes it clear that Defendant was and is free to invoke the attorney-client privilege.

Accordingly, the Court DENIES Plaintiff's Motion to Compel (ECF 109).

        **SO ORDERED, this 25th day of November, 2018.**

        s/ Arthur J. Schwab
        Arthur J. Schwab
        United States District Court Judge


cc:  All ECF Registered Counsel of Record